**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HONG XU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:07CV0503(EGS) |
| ) | |
| ALBERTO GONZALES, United States ) | |
| Attorney General, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER**

Defendants Alberto Gonzales et al., by and through the United States Attorney for the District of Columbia, hereby provide the following answers and affirmative defenses to Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's claims.

**SPECIFIC RESPONSES**

I. INTRODUCTION

1.  The first sentence of paragraph 1 is Plaintiff's description of this action, to which no response is required. Defendants admit that Xu filed an I-485 application on or about May 13, 2005 with the United States Citizenship and Immigration Services. Defendants deny the remaining allegations of Paragraph 1.

II. JURISDICTION AND VENUE

2. Paragraph 2 sets forth Plaintiff's jurisdictional allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

3. Paragraph 3 sets forth Plaintiff's jurisdictional allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

4. Paragraph 4 sets forth Plaintiff's jurisdictional allegations to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

5. Paragraph 5 sets forth Plaintiff's jurisdictional allegations and legal conclusions to which no response is required. To the extent a response may be deemed necessary, these allegations are denied.

6. To the extent the allegations of Paragraph 6 purport to characterize the requirements of federal regulations and the Immigration and Naturalization Act, Defendants respectfully refer the Court to the relevant statutory and regulatory provisions for a true and complete statement of their requirements, and deny all inconsistent allegations. Defendants deny the last sentence of Paragraph 6. The remaining allegations of Paragraph 6 state legal conclusions to which no response is required. To the extent a response may be deemed necessary, Defendants deny the allegations of Paragraph 6.

7. The first sentence of Paragraph 7 states legal conclusions to which no response is required. To the extent a response may be deemed necessary, the allegations of the first sentence of Paragraph 7 are denied. Defendants deny the remaining allegations of Paragraph 7.

8. Denied.

### III. PARTIES

9. Defendants deny that USCIS has not taken action on Xu's application. Defendants deny

       that the alleged inaction caused Plaintiff any injuries. Defendants admit the remaining allegations of Paragraph 9.

10. Defendants admit that Plaintiff complied with the requirements to adjust her status to that of a permanent residence. Defendants lack sufficient knowledge to state a belief as to the truth of the remaining allegations of Paragraph 10, and therefore deny them.

11. Defendants admit the first two sentences of Paragraph 11. Defendants deny the third sentence of Paragraph 11.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## IV. STATEMENT OF FACTS

16. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 16, and therefore deny them.

17. Admitted.

18. Admitted.

19. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 19, and therefore deny them.

20. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 20, and therefore deny them.

21. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 21, and therefore deny them.

22. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of

Paragraph 22, and therefore deny them.

23. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 23, and therefore deny them.

24. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 24, and therefore deny them.

25. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 25, and therefore deny them.

26. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 26, and therefore deny them.

27. Defendants lack sufficient knowledge to state a belief as to the truth of the allegations of Paragraph 27, and therefore deny them.

28. Denied.

## IV.  REQUEST FOR RELIEF
### COUNT ONE
(Unreasonable Delay)

29. Defendants hereby incorporate their responses set forth in paragraphs 1 to 28 above as though fully set forth herein.

30. Admitted.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT TWO

(Equal Access to Justice Act)

39. Defendants hereby incorporate their responses set forth in paragraphs 1 to 38 above as though fully set forth herein.

40. Paragraph 40 sets forth Plaintiff's request for fees and costs to which no response is required. Defendants deny that Plaintiff is entitled to fees or costs.

## PRAYER FOR RELIEF

This section sets forth Plaintiff's prayer for relief, to which no response is required.. To the extent a response is deemed necessary, Defendants deny that the Court may assume jurisdiction and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, Defendants, having fully answered the allegations in the complaint and set forth their defenses, respectfully request this Court to enter judgment in favor of Defendants, dismissing the complaint and awarding Defendants such relief as this Court considers just and proper.

Dated: July 23, 2007                    Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov