UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNG XU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-00503(EGS) |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECRETARY, ET. AL ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants, by and through their undersigned attorneys, respectfully move to dismiss this case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant United States Custom and Immigration Services ("USCIS") has granted the I-485 application that Plaintiff Hong Xu filed, thereby rendering this case moot and depriving the Court of subject matter jurisdiction. Dismissal is therefore proper under Rule 12(b)(1) and (6). A memorandum in support and proposed order are attached.

July 23, 2007                              Respectfully submitted,

 /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


  /s/ Robin M. Meriweather

                    ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                    Assistant United States Attorney
                    555 Fourth St., N.W.
                    Washington, D.C.  20530
                    Phone: (202) 514-7198
                    Fax: (202) 514-8780
                    Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Allen Reid Tilson
United States Customs and Immigration Service, Texas Service Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HONG XU, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-CV-00503-EGS |
| DEPARTMENT OF HOMELAND SECRETARY, ET. AL | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendants respectfully move that this case be dismissed for lack of subject matter jurisdiction because events that transpired afer the complaint was filed have made this case moot. Plaintiff's mandamus complaint seeks an order compelling Defendants to adjudicate her Form I-485 application to have her residency status adjusted to that of a lawful permanent resident of the United States. On June 22, 2007, Defendant United States Citizenship and Immigration Services ("USCIS") granted plaintiff's application. That approval eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction. The case should therefore be dismissed as moot.

**Factual Background**

This case concerns a Form I-485 "adjustment of status" application filed by Plaintiff Hong Xu, a native and citizen of China, in which Xu requested that USCIS exercise its discretion to make her a lawful permanent resident of the United States. See Compl. ¶¶ 1, 9. The Immigration and Nationality Act permits the Attorney General "in his discretion and under such

regulations as he may prescribe," to adjust the status of an alien "to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). The I-485 that Xu filed is an application aliens submit to request such adjustments of status.

Plaintiff initiated this action with a mandamus complaint which asked the Court to "compel Defendants and those acting under them to take action" on her I-485. See id. ¶ 1. Xu's I-485 was still pending at the time the complaint was filed. See id. On or about June 22, 2007, USCIS approved Xu's I-485, and sent a notice of that approval to Xu's attorney. See Exh. 1.

## STANDARD OF REVIEW

Defendants move for dismissal under Rule 12(b)(1), as events subsequent to the complaint deprived the Court of any subject matter jurisdiction that may have existed. See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F.Supp.2d at 81; Vanover, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

## ARGUMENT

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Allen v. Wright, 468 U.S. 737, 750 (1984); Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Arizonans for Official English, Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed"); Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

3

In mandamus actions seeking adjudication of a pending immigration application, the mootness doctrine comes into play when the application has been processed. See Bouguettaya v. Chertoff 472 F.Supp.2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action). As in other mandamus actions seeking to compel agency action, immigration cases become moot when the agency takes action which grants the relief requested in the mandamus petition. See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision). Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

In this case, the Court lacks subject matter jurisdiction because USCIS's approval of Xu's I-485 ended any live controversy between the parties. Xu's complaint asked this Court to compel Defendants to adjudicate her I-485 application. Compl. ¶ 1; id. at 9 (Prayer for Relief). Thereafter, without any court intervention, USCIS completed its national security screening and review of the I-485, and approved Xu's I-485. See Exh. 1 (Approval Notice). Even assuming arguendo that plaintiff had a viable claim at the time the complaint was filed, she has now received the relief sought. Therefore, this Court lacks jurisdiction and should dismiss the case as

moot.  See Bouguettaya, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

Plaintiff's request for attorney's fees and costs does not prevent application of the mootness doctrine in this case.  To be sure, the grant of the I-485 did not satisfy plaintiff's desire for fees and costs.  However, a party's request for attorney's fees is "collateral to, and separate from" the merits.  Shultz v. Crowley, 802 F.2d 498, 502 (D.C. Cir. 1986).  Accordingly, a fee request does not preserve a case that is otherwise moot.  Friends of Keeseville, Inc. v. F.E.R.C., 859 F.2d 230, 233 n.7 (D.C. Cir. 1988); American Council for the Blind v. Washington Metro. Area Trans. Auth., 133 F. Supp. 2d 66, 72 n.1 (D.D.C. 2001).

In any event, Xu is not entitled to fees or costs in this litigation.  "The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section [5 U.S.C. § 552] in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  Here, Xu has not "prevailed" because the Court has not awarded her any relief.  See Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002); see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief.").  Accordingly, USCIS's voluntary approval of Xu's I-485 deprives plaintiff of any claim for fees or costs.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' motion to dismiss.

Dated: July 23, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/    Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198

**Of Counsel:**

Allen Reid Tilson
United States Customs and Immigration Service, Texas Service Center

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

| | |
|---|---|
| RECEIPT NUMBER<br>EAC-05-158-50803 | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| RECEIPT DATE<br>May 13, 2005 | PRIORITY DATE<br>July 18, 2001 | APPLICANT  A098 907 412<br>XU, HONG |
| NOTICE DATE<br>June 22, 2007 | PAGE<br>1 of 1 | |

SAM H. CHANG ESQ
WASSERMAN MANCINI
1915 I STREET N W SUITE 400
WASHINGTON DC 20006

Notice Type: Approval Notice
Section: Adjustment as direct beneficiary of immigrant petition
COA: E26

The above application has been approved. Prior to receiving your permanent resident card you may be required to report for biometrics processing (photo/fingerprint/signature). Please do not take any action at this time. If you are required to report for this processing, you will receive another notice advising you of the date, time and location to appear.

If you have not received your permanent resident card or the above mentioned notice to appear for biometrics processing within 90 days, please call this office at the number listed below.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 01/31/05) N

- *Please save this notice for your records. Please enclose a copy if you have to write us or a U. S. Consulate about this case, or if you file another application based on this decision.*

- *You will be notified separately about any other applications or petitions you have filed.*

## *Additional Information*

### GENERAL.

The filing of an application or petition does not in itself allow a person to enter the United States and does not confer any other right or benefit.

### INQUIRIES.

You should contact the office listed on the reverse side of this notice if you have questions about the notice, or questions about the status of your application or petition. *We recommend you call.* However, if you write us, please enclose a copy of this notice with your letter.

### APPROVAL OF NONIMMIGRANT PETITION.

Approval of a nonimmigrant petition means that the person for whom it was filed has been found eligible for the requested classification. If this notice indicated we are notifying a U.S. Consulate about the approval for the purpose of visa issuance, and you or the person you filed for have questions about visa issuance, please contact the appropriate U.S. Consulate directly.

### APPROVAL OF AN IMMIGRANT PETITION.

Approval of an immigrant petition does not convey any right or status. The approved petition simply establishes a basis upon which the person you filed for can apply for an immigrant or fiance(e) visa or for adjustment of status.

A person is not guaranteed issuance of a visa or a grant of adjustment simply because this petition is approved. Those processes look at additional criteria.

If this notice indicates we have approved the immigrant petition you filed, and have forwarded it to the Department of State Immigrant Visa Processing Center, that office will contact the person you filed the petition for directly with information about visa issuance.

In addition to the information on the reverse of this notice, the instructions for the petition you filed provide additional information about processing after approval of the petition.

For more information about whether a person who is already in the U.S. can apply for adjustment of status, please see Form I-485, *Application to Register Permanent Residence or Adjust Status.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HONG XU,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DEPARTMENT OF HOMELAND** )<br>**SECRETARY, ET. AL** )<br>)<br>**Defendants.** )<br>) | Civil Action No. 1:07-CV-00503-EGS |

**ORDER**

Upon consideration of Defendants' Motion to Dismiss, it is this _____ day of _____, 2007,

ORDERED that Defendants' Motion to Dismiss be and hereby is GRANTED;

it is further ORDERED that this case be and hereby is DISMISSED with prejudice.

SO ORDERED.

_____
United States District Judge